IT IS ORDERED

Date Entered on Docket: January 5, 2022

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**



_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

PAT N. ARCHULETA,                                    Case No. 19-12905-j7
                                                     Chapter 7
    Debtor.

### ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT OF ESTATE'S INTERESTS IN REAL PROPERTIES AND ABNDONMENT OF REAL PROPERTIES AND CLAIMS RELATED TO URANIUM MINING

This matter comes before the Court upon the *Chapter 7 Trustee's Motion to Approve Settlement of Estate's Interests in Real Properties and Abandonment of Real Properties and Claims Related to Uranium Mining*, filed November 30, 2021 (Doc. No. 89) (the "**Motion**"). Having considered the Motion and the record, and the requirements set forth in the Bankruptcy Code and Bankruptcy Rules, and being otherwise sufficiently advised,

THE COURT FINDS:

A. On December 20, 2019, Pat N. Archuleta (the "**Debtor**"), commenced the above-captioned bankruptcy case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code. Philip J. Montoya (the "**Trustee**") was appointed as the chapter 7 trustee for this case and continues to serve in that capacity;

B. On November 30, 2021, the Trustee filed the Motion, requesting court approval of a i) settlement of the estate's fractional interests in real property (described below) between the Trustee and Elsa Vigil, and ii) abandonment of the real property interests and claims related to uranium mining (described below);

C. <u>The Estate's Interests in the Real Property</u>. Based on the Debtor's *Schedule A/B* (Doc. No. 1) and documents provided by the Debtor, the Debtor appears to have owned on the Petition Date i) a one-fifth interest in approximately two-acres of real property located at 1959 and 1961 Ralph Card Rd., Milan, NM, more specifically described as "Lots fourteen (14) and fifteen (15), Block 7 of Valle Verde Estates, containing 2.00 acres, more or less" (the "**Two-Acre Property**"); and ii) a one-third interest in approximately one-acre of real property located at 1963 Ralph Card Rd., Milan, NM, more specifically described as "Lot sixteen (16), Block seven (7) of Valle Verde Estates, containing 1.259 acres, more or less" (the "**One-Acre Property**") (together, the "**Properties**"). The other fractional interests in the Properties are held by family members of the Debtor. The Debtor estimated the aggregate value of the Properties to be approximately $260,000.00. The Debtor claimed an exemption in the Two-Acre Property in the amount of $20,000.00. The Trustee is unaware of any liens on the Properties.

D. <u>The Family's Efforts to Sell the Properties</u>. The Properties are adjacent to the Grants Uranium Mill owned by Homestake Mining Company of California and its corporate affiliate

2

Case 19-12905-j7    Doc 92    Filed 01/05/22    Entered 01/05/22 17:59:57 Page 2 of 5

Barrick Gold of North America, Inc. (together, the "**Companies**"). Debtor's family, which controls the remaining interests in the Properties, not held by the bankruptcy estate, desire to sell the Properties to the Companies and release the Companies from any and all present or future claims against the Companies for the Companies' operation and/or reclamation of the Grants Uranium Mill (the "**Mining Claims**").

  E. <u>The Settlement Agreement</u>. Elsa Vigil, the Debtor's sister, agrees to pay the Trustee $19,000.00 for the Trustee to abandon the bankruptcy estate's interests in the Properties and Mining Claims (the "**Settlement**"). The Trustee specifically requests that the order approving this Settlement provide that the Properties and the Mining Claims are abandoned. The Trustee has received a cashier's check from Elsa Vigil in the amount of $19,000.00 and would deposit the check within ten days of an order approving this Motion. Promptly after court approval of the Settlement, the Trustee would file a release of the Notices of Trustee's Interest recorded against the Properties;

  F. <u>Creditor Claims Against the Bankruptcy Estate</u>. Eight proofs of claim were timely filed in the case. Claim No. 6 by Angela Valencia was withdrawn. *See Withdrawal of Claim 6* (Doc. No. 46). The amount of Claim No. 8 by Angela Valencia has been reduced from the claimed amount of $32,327.92 to an allowed amount of $6,625.39. *See Order Sustaining, in Part, Objection to Claim of Angela Valencia, and Allowing Unsecured Claim in a Reduced Amount* (Doc. No. 76). After withdrawal of Claim 6 and reduction of Claim 8, the aggregate amount of creditor claims is $23,753.87, consisting of $9,127.52 in priority unsecured claims and $14,626.35 in general unsecured claims. No secured claims have been filed in the case;

G. <u>Estimated Administrative Claims</u>. The Trustee projects and estimates administrative claims for professionals of no more than $17,700.00. The Trustee anticipates earning a commission in the amount of $5,382.40, and does not anticipate any tax liability for the estate;

H. <u>Turnover of Monies of the Estate</u>. The Trustee has made a previous recovery in this case from the Debtor in the total amount of $28,000.00. *See Order Granting Chapter 7 Trustee's Motion to Approve Settlement with Debtor Regarding the Trustee's Motion for Turnover and Accounting* (Doc. No. 86); *Chapter 7 Trustee's Motion to Approve Settlement with Debtor Regarding the Trustee's Motion for Turnover and Accounting* (Doc. No. 84);

I. On December 1, 2021, the Trustee served and filed the notice of the filing of the Motion (the "**Notice**"), pursuant to Bankruptcy Rules 9019 and 2002, to all creditors and other parties in interest as shown on the mailing matrix maintained by the Court, specifying an objection period of twenty one (21) days from the date of the mailing, plus three (3) days based upon service by mail, for a total of twenty four (24) days;

J. On December 1, 2021, the Trustee filed the Notice with the Court (Doc. No. 90);

K. The Notice was appropriate in the particular circumstances;

L. The objection deadline, including three (3) days added under Bankruptcy Rule 9006(f), expired on or before July 9, 2021;

M. No objections to the Motion were filed, timely or otherwise; and

N. The settlement is fair and equitable, and is in the best interest of and beneficial to the Debtor's estate and creditors and should be approved.

IT IS HEREBY ORDERED:

1. The Settlement is approved.

2. The Trustee is authorized to enter into the Settlement as set forth in the Motion.

3. Within ten days of the entry of this Order, the Trustee will deposit the cashier's check from Elsa Vigil in the amount of $19,000.00.

4. The Trustee is authorized to file a release of the Notices of Trustee's Interest recorded against the Properties.

5. The bankruptcy estate's interest in the Properties and the Mining Claims are hereby abandoned.

###END OF ORDER###

Submitted by:

ASKEW & WHITE, LLC

By: /s submitted electronically
   Daniel A. White
   1122 Central Ave. SW, Suite 1
   Albuquerque, NM 87102
   (505) 433.3097
   (505) 717.1494 (fax)
   dwhite@askewwhite.com
*Attorneys for the Chapter 7 Trustee*